Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
Telephone Number: (310) 860-0770
Facsimile Number:  (310) 860-0771

Attorneys for Plaintiff,
MICHAEL SANCHEZ

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MICHAEL SANCHEZ,

    Plaintiff,

vs.

CARMAX AUTO SUPERSTORES
and DOES 1 to 10, inclusive,

    Defendants.

Case No.: CV12-00447 RGK (JEMx)

**PLAINTIFF MICHAEL SANCHEZ'S COMPLAINT FOR DAMAGES BASED ON:**

(1) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;

(2) WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY (VIOLATION OF LABOR CODE 1102.5(c));

(3) VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200;

(4) BREACH OF IMPLIED-IN-FACT CONTRACT NOT TO TERMINATE EMPLOYMENT WITHOUT GOOD CAUSE;

(5) FRAUD;

(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

(7) FAILURE TO PAY WAGES IN VIOLATION OF THE CALIFORNIA LABOR CODE;

(8) NEGLIGENT HIRING;

(9) NEGLIGENT RETENTION;

(10) NEGLIGENT SUPERVISION;

PLAINTIFF'S COMPLAINT FOR DAMAGES

) **(11) DEFAMATION AND COERCED SELF-DEFAMATION;**
)
) **DEMAND FOR JURY TRIAL**

Plaintiff, Michael Sanchez, alleges:

# PARTIES

1. Plaintiff, Michael Sanchez ("plaintiff" or "Sanchez"), is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

2. Defendant CarMax Auto Superstores ("defendant" or "CarMax") is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Los Angeles. CarMax's place of business, where the following causes of action took place, was and is in the County of Los Angeles, at 1131 Central Avenue, Duarte, California 91010.

3. Defendants Does 1 through 10 are sued under fictitious names pursuant to *Cabrales v. Los Angeles,* 864 F.2d 1451, 1463 (9th Cir. 1988), and *Merritt v. Los Angeles,* 875 F.2d 765, 768 (9th Cir. 1989).

4. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below.

5. In so acting, each of the defendants was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants.

6. Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

///

## JURISDICTION

7. This honorable Court has diversity jurisdiction under the United States Constitution, Article III, section 2, and 28 U.S.C. section 1332, as plaintiff and defendants are residents of different states.

## INTRODUCTORY ALLEGATIONS

8. Plaintiff Sanchez was employed by defendant CarMax through February 4, 2011, as a service manager. His direct supervisors were operations manager Ben Juarez and location general manager Darren Newberry. At all times, plaintiff performed his duties competently.

9. Plaintiff Sanchez believes that defendant's human resources department did not support him adequately. When HR representative Carin Jones sent Sanchez an e-mail stating that one of his associates should receive discipline for violation of defendant's time recording policy, Sanchez asked her for guidelines on coaching the associate to improve his performance. Jones never responded.

10. On July 26, 2010, plaintiff Sanchez sent an e-mail to CarMax's Los Angeles regional vice president Vaughn Sigmon, informing him of a customer's return of a vehicle purchased only one month earlier because of persistent problems: the steering wheel repeatedly locked up, the seat heaters and air conditioning did not work, and the car idled roughly. Sanchez believes that CarMax's 125-point inspection had not been performed properly on the car. During part of the four weeks the car was being serviced, Sanchez, at Juarez's request, was covering for defendant's vacationing technician production manager. Sanchez and Newberry conference-called the customer to try to put him in another vehicle, but the customer did not want another vehicle from CarMax. Two weeks after the e-mail, Sigmon called Sanchez to his office, and they discussed the fact that the vehicle should be sold wholesale, not retail. Although Newberry explained that Sanchez was covering a position unfamiliar to him, Jon Geske, CarMax's regional vice president of operations, disciplined Sanchez for lack of customer service regarding

this incident,

11. On September 15, 2010, Juarez asked Sanchez to send out an e-mail stating that meal break violations would be discussed at an upcoming meeting on attendance policy. Juarez and Newberry both thanked Sanchez for sending the e-mail. A few days later, Juarez told Sanchez that regional vice president Sigmon said he was not happy with the e-mail because he thought plaintiff needed to know the facts of the policy, although Sanchez was not asked to explain the policy in the e-mail.

12. Juarez temporarily covered plaintiff's duties while plaintiff was assigned to CarMax's Kearny Mesa location for a week in November of 2010. At that time, the "voice of the customer" (VOC) customer feedback process, which was introduced in August of 2010, still had not been implemented at defendant's Duarte location.

13. On January 4, 2011, Juarez questioned Sanchez's decision-making when he issued a customer a "loaner" vehicle and said that Sanchez should have "partnered" with Juarez. Sanchez referred Juarez to CarMax's loaner vehicle policy, which stated that as service manager Sanchez was authorized to issue loaner vehicles.

14. On January 11, 2011, after a monthly file review, Juarez gave Sanchez a document titled "Talent Management, Service Ops: Observations/Embedded for Manager Bench" and asked Sanchez if he had seen it before; he had not. The document contained details of plaintiff's performance that Juarez had input from March to December of 2010 and included six positive feedback notes and four constructive feedback notes on VOC program results. Plaintiff disagreed with the assessment of the VOC results and noted that the document omitted a number of accomplishments for which he had received praise, including his visit to Kearny Mesa and a month-long project to design the associate development regional lounge.

15. On January 12, 2011, plaintiff Sanchez sent an e-mail to all CarMax managers regarding a safety concern in the sale of a vehicle that was discovered to be missing one lug nut on each wheel. Plaintiff had brought this problem to the attention of Chris, defendant's technician production manager. Chris told plaintiff, sales consultant Doris,

and sales manager Orlando that the car was safe; however, the customer chose not to take the car. Plaintiff sent the e-mail after he spoke to Juarez in person about the problem, and Juarez did not respond. Among others, the e-mail was sent to CarMax's Ontario facility, where the vehicle was put through a 125-point inspection, and the repair was ordered, but not performed. Not a single manager responded to plaintiff's e-mail concerning the attempted sale to a customer of an unsafe vehicle.

16. On January 14, 2011, Sanchez once again e-mailed all of CarMax's managers regarding the sale of the same unsafe car he had brought to Sigmon's attention in July of 2010. The new buyer experienced the same problem with having the steering wheel lock up; in fact, when a CarMax associate drove the car to a dealership, he almost had an accident because of the steering problem. Sanchez was told that the car had been reconditioned twice and was going to be reconditioned a third time, and he stated that he did not have confidence in the vehicle, which Sigmon had stated in July was not to be resold retail. Sanchez believed that the car should have been returned, but that would have caused CarMax to lose money on taxes and license fees, as well as the profit from the sale of the car. During a morning meeting, Sanchez asked why CarMax had sold a car that was known to be unsafe. Juarez responded, "A customer purchased this vehicle?" and Sanchez confirmed it. Juarez did not say anything else.

17. On January 15, 2011, business office manager Christine Goff responded to Sanchez's January 14 e-mail, stating that this was the second car she had heard of in the past few weeks that CarMax had resold after it was returned for major mechanical problems. Goff added that she thought CarMax was not doing enough to ensure that problem cars were not resold. Goff's e-mail was the only response Sanchez received to his message about the sale and resale of an unsafe car.

18. On January 17, 2011, Sanchez e-mailed CarMax's Las Vegas location about a car with 15 separate quality concerns, including a broken front axle. Plaintiff questioned how this could have been missed in the 125-point inspection.

19. On January 19, 2011, Sanchez sent an e-mail to Tom Monsen in CarMax's

corporate office regarding the fact that defendant was not being honest with customers who purchased its extended service plan. The plan covered only up to $85.00 per hour for service, and it was not being made clear to the customers that they were required to pay any amount charged over $85.00 per hour, as well as the deductible. Monsen never responded to plaintiff's e-mail.

20. On January 28, 2011, Juarez forwarded to Sanchez an e-mail from a sales manager who had had a car returned with numerous problems, including a tire with a sidewall bubble, squeaking brakes, and an alternator and pulleys that required replacement. Sanchez learned that the technician had spent no more than one hour on the 125-point inspection.

21. On February 4, 2011, Juarez and Newberry informed Sanchez that his employment was terminated, allegedly for unsatisfactory performance. Newberry told plaintiff that he had wanted to promote him to technical production manager. Juarez asked, "Who did you piss off?"

22. Plaintiff believes and alleges that defendant's true reason for terminating his employment was his raising safety issues with the vehicles defendant was selling to the public.

## FIRST CLAIM

### (Wrongful Termination of Employment in Violation of Public Policy—Against Defendant CarMax)

23. The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24. At all times relevant herein, a fundamental public policy of the State of California was reflected in California Labor Code section 1102.5 and Business and Professions Code 17200, among other statutes, which prohibit retaliation against an employee who discloses an employer's violations of or noncompliance with state statutes and regulations, internally or externally. This public policy was binding on defendant

CarMax.

25. Plaintiff believes and alleges that a motivating factor in defendant's termination of his employment was his refusal to participate in and his actual discussions of defendant's illegal actions both internally and externally. These illegal actions included, but were not limited to, inflating sales numbers to defraud potential purchasers and trying to hide accounts from purchasers. This violated a myriad express laws aside from section 1102.5, including Business and Professions Code section 17200.

26. As a proximate result of defendant's termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

27. As a result of defendant's termination of plaintiff's employment, plaintiff suffered general and special damages in sums according to proof.

28. Defendant's wrongful termination of plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

## SECOND CLAIM

### (Wrongful Termination of Employment in Violation of Public Policy (Labor Code § 1102.5)—Against Defendant CarMax)

29. The allegations set forth in paragraphs 1 through 28 are re-alleged and incorporated herein by reference.

30. At all times relevant herein, a fundamental public policy of the State of California was reflected in California Labor Code section 1102.5 and Business and Professions Code 17200, among other statutes, which prohibit retaliation against an employee who discloses an employer's violations of or noncompliance with state statutes and regulations, internally or externally. This public policy was binding on defendant CarMax.

-7-
PLAINTIFF'S COMPLAINT FOR DAMAGES

31. Plaintiff believes and alleges that a motivating factor in defendant's termination of his employment was his refusal to participate in and his actual discussions of defendant's illegal actions both internally and externally. These illegal actions included, but were not limited to, inflating sales numbers to defraud potential purchasers and trying to hide accounts from purchasers. This violated a myriad express laws aside from section 1102.5, including Business and Professions Code section 17200.

32. As a proximate result of defendant's termination of plaintiff's employment in violation of fundamental public policies, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

33. As a result of defendant's termination of plaintiff's employment, plaintiff suffered general and special damages in sums according to proof.

34. Defendant's wrongful termination of plaintiff's employment was done intentionally, in a malicious, oppressive manner, entitling plaintiff to punitive damages.

## THIRD CLAIM

### (Violations of Business and Professions Code § 17200, *et seq.*—Against All Defendants)

35. The allegations set forth in paragraphs 1 through 34 are re-alleged and incorporated herein by reference.

36. Following his employment with defendants, plaintiff was not paid all of the compensation due to him from the time he was hired. Defendants directly managed and controlled the payment and non-payment of plaintiff's compensation at all times alleged.

37. Defendants refused to pay plaintiff in order to cheat him of his compensation.

38. As a proximate result of defendants' willful, knowing, and intentional violations of the California Labor Code, plaintiff has suffered and continues to suffer wage losses in sums according to proof.

39. During the course of his employment with defendants, plaintiff was not paid all

-8-
PLAINTIFF'S COMPLAINT FOR DAMAGES

of the compensation due to him. The non-payment of these monies was a way of defrauding plaintiff of his property in violation of Business and Professions Code section 17200.

40. By failing to pay plaintiff all of the compensation they owed him, defendants intentionally defrauded him.

41. As a proximate result of defendants' willful, knowing, and intentional violations of Civil Code section 17200, plaintiff has suffered and continues to suffer wage losses in sums according to proof.

## FOURTH CLAIM

### (Breach of Implied-in-Fact Contract Not to Terminate Employment without Good Cause— Against Defendant CarMax)

42. The allegations set forth in paragraphs 1 through 41 are re-alleged and incorporated herein by reference.

43. On the basis of defendant CarMax's oral assurances of continued employment given to plaintiff Sanchez by defendant's supervisors, the length of plaintiff's employment with defendant, defendant's actual practice of terminating employment only for cause, and the industry standard for the business defendant engaged in of terminating employment only for cause, plaintiff and defendant shared the actual understanding that plaintiff's employment could and would be terminated only for cause. This shared understanding resulted in an implied contract requiring that defendant have good cause to terminate plaintiff's employment.

44. Defendant and its managers and supervisors terminated plaintiff's employment without good cause, violating the implied-in-fact contract it had with him.

45. As a proximate result of defendant's willful breach of the implied-in-fact contract not to terminate employment without good cause, plaintiff has suffered and continues to suffer damages, including losses of earnings and benefits, in a sum

according to proof.

46. Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.6.

## FIFTH CLAIM

### (Fraudulent Misrepresentation—

### Against Defendant CarMax)

47. The allegations set forth in paragraphs 1 through 46 are re-alleged and incorporated herein by reference.

48. At all times herein mention, Civil Code section 1710 was in full force and effect and was binding on defendant CarMax. This statute prohibits defendant from asserting to plaintiff any statement that it knew was untrue or that it had no reasonable ground for believing to be true.

49. Defendant, through its managers and supervisors, represented untruths to plaintiff.

50. Defendant made these representations to plaintiff without any reasonable ground for believing them to be true, but instead to induce plaintiff to work for CarMax.

51. As a result of defendant's fraudulent misrepresentations to plaintiff, plaintiff has been damaged in a sum according to proof.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress—

### Against All Defendants)

52. The allegations set forth in paragraphs 1 through 51 are re-alleged and incorporated herein by reference.

53. Defendants' discriminatory and retaliatory actions against plaintiff Sanchez constituted severe and outrageous misconduct and caused plaintiff extreme emotional distress.

54. Defendants had the intention of causing and/or recklessly disregarded the

probability of causing emotional distress to plaintiff and did, in fact, cause emotional distress to plaintiff. Defendants' misconduct caused plaintiff severe emotional distress, including, but not limited to, depression and anxiety.

55. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

56. As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

57. Defendants' misconduct was done intentionally, in a malicious and oppressive manner, entitling plaintiff to punitive damages.

## SEVENTH CLAIM

**(Failure to Pay Wages in Violation of Labor Code §§ 200, 201, 203, 1194 and Industrial Welfare Commission Work Orders—Against Defendant CarMax)**

58. The allegations set forth in paragraphs 1 through 57 are re-alleged and incorporated herein by reference.

59. During the course of his employment with defendant CarMax, plaintiff was not paid all of the wages due him. Plaintiff informed his supervisors of this failure. Defendant intentionally refused to pay plaintiff all of the compensation due to him. Defendant directly managed and controlled the payment and non-payment of plaintiff's wages and commissions at all times alleged.

60. As a proximate result of defendant's willful, knowing, and intentional violations of Labor Code sections 200, 201, 203, and 1194 and the California Industrial Welfare Commission Work Orders, plaintiff has suffered and continues to suffer losses in a sum according to proof.

61. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is entitled to legal expenses and attorneys' fees in sums according to proof.

## EIGHTH CLAIM

### (Negligent Hiring—Against Defendant CarMax)

62. The allegations set forth in paragraphs 1 through 61 are re-alleged and incorporated herein by reference.

63. At all times herein mention, defendant CarMax had a duty to hire supervisors who would not harass, retaliate against and engage in illegal actions in the workplace.

64. Defendant breached that duty in hiring Darren Newberry, Ben Juarez, Jon Geske and Vaughn Sigmon.

65. As a result of defendant's breach, plaintiff has been damaged in a sum according to proof.

## NINTH CLAIM

### (Negligent Retention—Against Defendant CarMax)

66. The allegations set forth in paragraphs 1 through 65 are re-alleged and incorporated herein by reference.

67. At all times herein mention, defendant CarMax had a duty not to retain any supervisor, including Darren Newberry, Ben Juarez, Jon Geske and Vaughn Sigmon, who was incapable of properly supervising employees, but who instead would berate, harass, and retaliate against them while engaging in illegal activities.

68. Defendant breached that duty in retaining Darren Newberry, Ben Juarez, Jon Geske and Vaughn Sigmon to supervise plaintiff.

69. As a result of defendant's breach, plaintiff has been damaged in a sum according to proof.

//

## TENTH CLAIM

### (Negligent Supervision—Against Defendant CarMax)

70. The allegations set forth in paragraphs 1 through 69 are re-alleged and incorporated herein by reference.

71. At all times herein mention, defendant CarMax had a duty to supervise its employees in a non-fraudulent, non-negligent, non-harassing manner.

72. Defendant breached that duty in supervising Darren Newberry, Ben Juarez, Jon Geske and Vaughn Sigmon.

73. As a result of defendant's breach, plaintiff has been damaged in a sum according to proof.

## ELEVENTH CLAIM

### (Defamation and Coerced Self-Defamation (Civil Code §§ 45, 46)—Against Defendant CarMax)

74. The allegations set forth in paragraphs 1 through 73 are re-alleged and incorporated herein by reference.

75. Defendant CarMax falsely informed individuals other than plaintiff Sanchez, including a number of Sanchez's prospective employers, that Sanchez was fired for unsatisfactory performance. This representation constituted defamation *per se.*

76. When defendant made this false representation, it knew that plaintiff would be under a strong compulsion to repeat this comment to prospective employers. Plaintiff was and is under such a compulsion and has told prospective employers of this defamatory comment.

77. As a result of defendant's willful, knowing, and intentional false representations about plaintiff, plaintiff has been injured in his profession and continues to be injured in his profession. Plaintiff has sustained and continues to sustain losses of earnings and other employment benefits.

78. As a proximate result of defendant's willful, knowing, and intentional false

representations about plaintiff, plaintiff has suffered and continues to suffer humiliation, mental pain and anguish, and other non-economic damages, all to his damage in a sum according to proof.

79. Defendant's misconduct was done intentionally, in a malicious, despicable, oppressive manner, entitling plaintiff to punitive damages against defendant.

WHEREFORE, plaintiff, Michael Sanchez, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For such other and further relief as the Court may deem just and proper.

ADDITIONALLY, plaintiff, Michael Sanchez, demands trial of this matter by jury.

Dated: January 16, 2012        SHEGERIAN & ASSOCIATES, INC.

                               By: _____
                                   Carney R. Shegerian, Esq.

                               Attorneys for Plaintiff,
                               MICHAEL SANCHEZ

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV12- 447 RGK (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Carney R. Shegerian, Esq. (SBN 150461)

Shegerian & Associates, Inc.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
(310) 860-0770

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Michael Sanchez | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV12-00447 RGK (JEMx) |
| v. | |
| Carmax Auto Superstores, and DOES 1 to 10 inclusive, | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): Carmax Auto Superstores

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Carney R. Shegerian, whose address is 225 Arizona Avenue, Suite 400, Santa Monica, California 90401. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 1 8 2012       By: JULIE PRADO
                               Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                          SUMMONS
                                                                CCD-1A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**(a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Michael Sanchez

**DEFENDANTS**

Carmax Auto Superstores, and does 1 to 10, inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Shegerian & Associates, Inc.
225 Arizona Avenue, Suite 400
Santa Monica, California 90401
(310) 860-0770

**Attorneys (If Known)**

Carney R. Shegerian, Esq. (SBN 150461)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No

**MONEY DEMANDED IN COMPLAINT:** $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Wrongful Termination 1102.5 (c); breach of contract, emotional distress, defamtion; failure to pay wages, negligent hiring, negligent retention.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-00447

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**III(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes
If yes, list case number(s): _____

**III(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
[ ] A. Arise from the same or closely related transactions, happenings, or events; or
[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Michael Sanchez, Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant Carmax Auto Superstores, Richmond, Virginia |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 1/17/2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |